UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                          PLAINTIFF

vs.                                                                                     CRIMINAL NO. 3:23-CR-37-DJH

**ANDREW N. CLOONEY**                                                                          DEFENDANTS
**CHRISTEL M. CLOONEY**

### UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY

ELECTRONICALLY FILED

The United States, through undersigned counsel, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to enter an order prohibiting the unauthorized disclosure of certain discovery material or information contained therein to non-litigants. Counsel for the United States has consulted with counsel for both defendants, and this motion is unopposed. In support of this motion, the government states as follows:

Defendants Andrew Clooney and Christel Clooney are charged with one count of wire fraud, in violation of Title 18, United States Code, Section 1343, and one count of willful failure to pay tax, in violation of Title 26, United States Code, Section 7203. The discovery materials in this case contain, among other things, private information of the defendants' former clients; the defendants' private financial information; other private information, including social security numbers and birth dates; and confidential tax returns and taxpayer return information within the meaning of Title 26, United States Code, Section 6103(b). Disclosure of tax return and taxpayer return information is governed by Title 26, United States Code, Section 6103(a), which mandates that return and return information will be confidential except as authorized by Section 6103. Section 6103(h)(4)(D) permits disclosure to the defense of such tax return and taxpayer return

1

information in accord with Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500, but further disclosure of this tax return and taxpayer return information by defendants or their attorneys is restricted by Section 6103.

The government will follow all requirements of Rule 16, and will follow the requirements of Title 18, United States Code, Section 3500.  The government asks the Court to ensure that the defendants are informed about the limitations of Federal Rule of Criminal Procedure 6(e), regarding grand jury transcripts, and Title 26, United States Code, Section 6103(a), regarding tax returns and taxpayer return information, and the appropriate legal purposes for which certain discovery may be used.

The government believes that because of the volume and nature of the discovery in this case, it is appropriate for the Court to enter a Protective Order containing the following provisions (when the term "defendants" is used, said term encompasses attorneys for the defendants):

    A.    Many of the materials that will be provided as discovery (hereinafter discovery materials), including, but not limited to: individuals' records, investigators or agency memoranda or reports, grand jury transcripts, witness statements, tapes, computer disks, transcripts, applications, affidavits, computer or electronic records, memoranda of interview, tax returns, correspondence with the Internal Revenue Service, internal books and records of a witness's or defendants' business, bank records, and any documents and tangible objects provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), are not public information. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.

    B.    Discovery materials provided by the United States should be utilized by the defendants solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C. Discovery materials provided by the United States and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

D. Discovery materials provided by the United States should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

E. Defendants' counsel should inform the defendants of the provisions of the Protective Order, and direct them not to disclose or use any information contained in the government's discovery in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911 (Tel.)
(502) 582-5067 (Fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: attorneys for the defendants.

                                          *s/ Amanda E. Gregory*
                                          Amanda E. Gregory
                                          Assistant U.S. Attorney